UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Christopher D.,

                Plaintiff(s),

vs.

Kilolo Kijakazi.,

                Defendant(s).

2:23-cv-01287-MDC

**ORDER DENYING REMAND AND AFFIRMING COMMISSIONER'S DECISION**

Plaintiff commenced this action seeking review of the final decision of the commissioner of social security. Pending before the Court is plaintiff Christopher D.'s Brief (ECF No. 12) which essentially requests reversal of the Commissioner's decision. ECF No. 12. Also present before the Court is the Commissioner's Brief (ECF No. 14) which requests that the Court affirm the Commissioner's decision. ECF No. 14 at 5. The Court DENIES plaintiff's requested relief. The Court grants the Commissioner's Countermotion and AFFIRMS the decision of the ALJ.

I.  **BACKGROUND**

On September 4, 2018, plaintiff filed a Title II application for disability insurance. AR[1] 144. Plaintiff alleged an onset date of June 18, 2018. AR 95, 139. His claim was initially denied on November 20, 2018. AR 103, 112. His claim was again denied upon reconsideration on February 26, 2019. AR 121-22. Plaintiff requested a hearing before an Administrative Law Judge (ALJ) on March 8, 2019. AR 139. A hearing was held on February 6, 2020. AR 139. On April 8, 2020, the ALJ found plaintiff to be disabled but found that "medical improvement is expected with appropriate treatment." AR 145. Consequently, the ALJ recommended a disability review in 24 months. AR 145.

On August 4, 2021, the Office of Central Operations referred plaintiff's case to the Appeals Council for review based on evidence that indicated plaintiff engaged in substantial gainful activity after

---

[1] The Certified Administrative Record ("AR") is ECF No. 7-1. All pages referencing the AR will reflect the AR page numbers, i.e., AR 17 is ECF No. 7-1 at 23.

the established onset date of October 1, 2018. AR 160. On January 28, 2022, the Appeals Council reviewed that new evidence before it and notified plaintiff that it intended to remand the case to the ALJ. AR 163. ON March 11, 2022, the Appeals Council remanded the case back to the ALJ. AR 148-155.

On July 12, 2022, on remand, the ALJ held a telephonic hearing. AR 17. On September 14, 2022, the ALJ found that plaintiff was not disabled between June 18, 2018, and the date of the decision. AR 21. The ALJ used the five-step sequential evaluation process ((20 CFR 404.1520(a) and 416.920(a) to determine whether plaintiff was disabled. AR 18. The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2025.

2. The claimant has engaged in substantial gainful activity (SGA) since January 1, 2019 (20 CFR 404.1520(b), 404.1571 et seq., 416.920(b) and 416.971 et seq.).

3. There has been no continuous 12-month period during which the claimant has not engaged in substantial gainful activity.

4. The claimant has not been under a disability, as defined in the Social Security Act, from June 18, 2018, through the date of the decision (20 CFR 404.1520(b) and 416.920(b)).

AR 20-21.

On September 27, 2022, plaintiff appealed the decision of the ALJ. AR 274-78. On June 29, 2023, the Appeals Council declined to disturb the decision of the ALJ, making the ALJ's determination, the Commissioner's final decision. AR 1-5. Plaintiff argues that the ALJ erred because: (1) medical evidence shows that he is disabled, (2) income generated from a passive website does not amount to substantial gainful activity, (3) the ALJ failed to deduct Impairment-Related Work Expenses (IRWEs) from his revenue and that (4) he needs the benefits to pay for his medical care. ECF No. 12.

II.     **DISCUSSION**

   **A. Review Standard**

The Fifth Amendment prohibits the government from depriving persons of property without due process of law.  U.S. Const. amend. V.  Social security plaintiffs have a constitutionally protected

property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). When the Commissioner of Social Security renders a final decision denying a plaintiff's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g).

The District Court's review is limited. *See Treichler v. Comm'r of SSA,* 775 F.3d 1090, 1093 (9th Cir. 2014) ("It is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency.") The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

**B. Standard For Assessing Substantial Gainful Activity**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step analysis to determine whether a claimant is eligible for disability benefits. *See Thomas v. Astrue*, 359 Fed. Appx. 761, 762 (9th Cir. 2009); 20 C.F.R. § 404.1520. The first step involves a determination of whether the claimant has worked since filing for benefits and whether the work is substantial gainful activity. If the claimant has engaged in substantial gainful activity, then the claimant cannot be found to be disabled, regardless of their medical condition, age, education, or work experience. *See* 20 C.F.R. §§ 404.1520(b),

416.920(b); *see also Thomas*, 359 Fed. Appx. at 762 ("A claimant will be disqualified at step one if he or she is engaged in "substantial gainful activity.").

Substantial gainful activity is work activity that is both "substantial," involving "significant physical or mental activities," and "gainful," done "or pay or profit." *Thomas*, 359 Fed. Appx. at 762; 20 C.F.R. § 404.1572. If the claimant has earned less than a certain minimum amount, then the ALJ will generally conclude that the claimant has not engaged in substantial gainful activity. *See* 20 C.F.R. §§ 404.1574(b)(3), 416.974(b)(3). If, however, the claimant has earned more than that minimum amount, the ALJ will generally conclude the claimant has engaged in substantial gainful activity. *See* 20 C.F.R. §§ 404.1574(b)(2), 416.974(b)(2). "The mere existence of earnings over the statutory minimum is not dispositive." *See Keyes v. Sullivan*, 894 F.2d 1053, 1056 (9th Cir. 1990) (citing *Chicager v. Califano*, 574 F.2d 161, 163 (3d Cir. 1978)). "However, there is a presumption of substantial gainful employment if the applicant earns over the amount specified in the guidelines." *Keyes*, 894 F.2d at 1056 (internal citations omitted). "The claimant may rebut a presumption based on earnings with evidence of his inability to be self-employed or to perform the job well, without special assistance, or for only brief periods of time." *Id.* The presumption may also be rebutted by excluding "any income that is not directly related to [the claimant's] productivity." *Reeves v. Colvin*, 544 Fed. Appx. 786, 788 (9th Cir. 2013) (citing 20 CFR § 404.1574(a)(2)).

**C. Summary Of ALJ's Findings**

The ALJ reviewed plaintiff's self-employment earnings statements between 2018 and 2021. AR 20, AR 304. The ALJ found that plaintiff earned $10,302 in 2018, $17,926 in 2019, $48,429 in 2020, and $80,232 in 2021. AR 20; AR 526. The ALJ then divided these earnings by 12-months, and found that between 2019 and 2021, plaintiff had earned more than the SGA threshold. AR 20.[2]

---

[2] In 2018, plaintiff made an average monthly earning of about $858, which was *below* the SGA threshold of $1,180 for that year. In 2019, plaintiff made an average monthly earning of about $1,493, which was ***above*** the SGA threshold of $1220. In 2020, plaintiff made an average monthly earning of about $4,035, which was ***above*** the SGA threshold of $1,260. In 2021, plaintiff made an average monthly earning of about $6,686 per month, which was ***above*** the SGA threshold of $1,310. *See* POMS DI 10501.015; https://secure.ssa.gov/poms.nsf/lnx/0410501015.

## III.  ANALYSIS

The ALJ looked to plaintiff's certified earnings records and testimony at his July 2022 hearing and found that plaintiff engaged in substantial gainful activity during the relevant period. The ALJ found that plaintiff had provided significant services to his business and had earned a substantial income, therefore engaging in substantial gainful activity. Thus, the ALJ did not err in finding that plaintiff was not disabled.

### A.  The ALJ Properly Found That Plaintiff Had Engaged In Substantial Gainful Activity And Therefore Was Not Disabled

The ALJ's findings that plaintiff was not disabled because he had engaged in substantial gainful activity ("SGA") were supported by substantial evidence. Specifically, the ALJ looked to plaintiff's certified earnings records (AR 526, 528-530). *See Lewis v. Apfel*, 236 F.3d 503, 515 (9th Cir. 2001) ("Earnings can be a presumptive, but not conclusive, sign whether a job is substantial gainful activity."). If a claimant earns more than the threshold amount, the ALJ will generally conclude the claimant has engaged in substantial gainful activity. *See* 20 C.F.R. §§ 404.1574(b)(2), 416.974(b)(2). Here, there is a presumption that plaintiff, who earned more than the statutory amount, had engaged in substantial gainful activity.

The ALJ did not stop the analysis here, and instead, also considered plaintiff's self-employed status. AR 20. The ALJ utilized a three-part test to determine whether plaintiff had engaged in substantial gainful activity. AR 20; 20 CFR 404.1575, 416.975. The test[3] provides:

> (i) Test one: You have engaged in substantial gainful activity if you render services that are significant to the operation of the business and receive a substantial income from the business. Paragraphs (b) and (c) of this section explain what we mean by significant services and substantial income for purposes of this test.
>
> (ii) Test Two: You have engaged in substantial gainful activity if your work activity, in terms of factors such as hours, skills, energy output, efficiency, duties, and responsibilities,

---

[3] The language of the three-part test in 20 CFR 404.1575 and 416.975 is essentially similar.

is comparable to that of unimpaired individuals in your community who are in the same or similar businesses as their means of livelihood.

(iii) Test Three: You have engaged in substantial gainful activity if your work activity, although not comparable to that of unimpaired individuals, is clearly worth the amount shown in § 404.1574(b)(2) when considered in terms of its value to the business, or when compared to the salary that an owner would pay to an employee to do the work you are doing.

20 CFR 404.1575(a)(2)

Only if the claimant fails step one of the three-part-test should an ALJ go on to apply tests two and three. *See* 20 C.F.R. § 404.1575(a)(2). Here, the ALJ stopped her analysis at step one of the test because she determined that plaintiff rendered services that were significant to the operation of the business and received a substantial income from the business. AR 21.

### a. Claimant Rendered Significant Services To the Operation Of The Business

The ALJ examined the record (e.g., hearing testimony and certified earnings record) and found that plaintiff rendered significant services. AR 21. "Significant services" includes any services if the business is operated only by the claimant and includes management services if the claimant performs more than one-half of the management services or more than 45 hours of management a month. *Byington,* 76 F.3d at 249 (citing 20 C.F.R. § 404.1575(b)(1)). Although plaintiff argues that the income generated by the websites was passive and that he was not actively engaged in managing the websites, the ALJ found the argument unpersuasive. AR 21. The ALJ found that contrary to plaintiff's argument, the profits were different from "royalties from previous work." AR 21. First, plaintiff owns the business. "Most owners provide substantial services, in particular, management services, for a business." AR 21; *Byington*, 76 f.rd at 249. Plaintiff provides both the content and maintenance for the business, and also oversees the final bookkeeping and taxes for the company. AR 21. Although plaintiff testified that his girlfriend helped with some of the work, the services she rendered were minimum and far less than half. AR 21; *see also*, AR 38 (plaintiff testifying that the work the girlfriend does is "pretty simple").

### b. The Countable Income Was Substantial

The ALJ examined the record and found that plaintiff's countable income was substantial. *Olea v. Colvin,* No. CV 13-768-E, 2013 U.S. Dist. LEXIS 145622, at *10 (C.D. Cal. Oct. 8, 2013)*;* Social Security Rulings ("SSR")  83-34, 1983 SSR LEXIS 35 ("A self-employed individual will have substantial income from a business if 'countable income' [roughly net profits] from the business averages more per month than the amount shown for the particular calendar year in the SGA Earnings Guidelines. . . [or] if the livelihood which he or she derives from the business is comparable to that which he or she had  before becoming disabled, or is comparable to that of unimpaired self-employed individuals in his or her community engaged in the same or similar businesses as their means of livelihood").

The ALJ noted that plaintiff did not pay his girlfriend for her services. AR 21. Although Social Security regulations requires that the monetary value of unpaid work be deducted from the countable income – that is only applicable when the services rendered are "significant." SSR 83-34, 1983 SSR LEXIS 35. Plaintiff testified that the work his girlfriend does is "pretty simple." AR 38; *see* SSR 83-34, 1983 SSR LEXIS 35 ("When it is clear that the help rendered consists of miscellaneous duties carried on in connection with the person's general activities as a member of the household or as a friend, statement to this effect will be sufficient, and no estimate of value will be necessary."). Thus, the ALJ was not obligated to subtract the monetary value of the girlfriend's services from plaintiff's earning statements.

Because the ALJ found that plaintiff rendered significant services to the operation of the business and made a substantial income, she stopped her analysis at step one of the three-part test. *See* 20 C.F.R. § 404.1575(a)(2). Generally, earnings of less than $300 a month are presumptively not substantial gainful activity while earnings of more than $500 a month are presumptively substantial gainful activity. 20 C.F.R. § 404.1574(b)(2)(vii) & (3)(vii). *See Byington v. Charter*, 76 F.3d 746, 250 (9th Cir. 1995); SSR 83-34. Here, as noted above, the ALJ found that between 2019 and 2021, plaintiff's monthly income far exceeded $500. AR 21. Therefore, the ALJ found that plaintiff had engaged in substantial

gainful activity. And since the definition of disability includes the inability to engage in substantial gainful activity, the ALJ stopped her analysis here.

### B. Remaining Arguments

The ALJ did not err in not considering Impairment-Related Work Expenses ("IRWE") because it properly determined plaintiff was not disabled at step one of the five-step inquiry. AR 20-22. IRWEs are only considered/deducted when there has been a finding of disability. *See* 20 CFR 404.1576(b)(1) ("We will deduct impairment-related work expenses if you are otherwise disabled as defined in §§ 404.1505, 404.1577, and 404.1581-404.1583); *see also* SSR 83-34 ("However, an individual initially filing for title XVI disability payments who is working and alleges IRWE, must first meet the SSI income test and qualify for SSI payments without the deduction of IRWE.").

Plaintiff's argument that he relies on the financial assistance provided by disability benefits is unpersuasive. *See* ECF No. 12 at 8. Disability benefits are only available to those who have been found to be disabled, *i.e.*, unable to engage in substantial gainful activity. *See* 42 U.S.C. § 423(d)(1)(A) (disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months."); *see also* 20 C.F.R. §§ 404.1520(b), 416.920(b). Since the ALJ found that plaintiff engaged in substantial gainful activity, and therefore not disabled, plaintiff's argument lacks merit.

### IV. CONCLUSION

Substantial evidence supports the ALJ's findings that plaintiff was not disabled between June 18, 2018, through September 14, 2022, because he engaged in substantial gainful activity during that period.

ACCORDINGLY,

**IT IS ORDERED that**:

1. The relief sought by plaintiff in his Brief (ECF No. 12) is DENIED.

2. The relief sought by the Commissioner's Brief (ECF No. 14) is GRANTED, and the Administrative Law Judge's decision is AFFIRMED.

3. The Clerk of Court is directed to enter final judgment AFFIRMING the decision of the Commissioner of Social Security.

4. The Clerk of Court shall CLOSE this case.

DATED this 8th day of August 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge